IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| RHONDA MARIE WARD, | |
| Plaintiff, | Case No. 25 cv 01428 |
| v. | Honorable Sunil R. Harjani |
| MONTGOMERY PLACE, | |
| Defendant. | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Rhonda Marie Ward has sued her former employer, Montgomery Place, for denying her request for a religious accommodation, removing her from the work schedule, and ultimately terminating her employment because she failed to comply with its COVID-19 vaccination requirement. In Count I, Plaintiff brings a claim for religious discrimination and failure to accommodate under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, and in Count II, Plaintiff brings a claim under 42 U.S.C. § 1983. Defendant moves to dismiss Count II under Federal Rule of Civil Procedure 12(b)(6) and for a more definite statement under Rule 12(e). Because Plaintiff fails to allege state action in Count II, Defendant's motion pursuant to Rule 12(b)(6) is granted, but the motion for a more definite statement under Rule 12(e) is denied.

**Legal Standard**

"A motion under Rule 12(b)(6) tests whether the complaint states a claim on which relief may be granted." *Richards v. Mitcheff*, 696 F.3d 635, 637 (7th Cir. 2012). To survive a Rule 12(b)(6) motion, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). This pleading standard does not necessarily require a complaint to contain detailed factual allegations. *Twombly*, 550 U.S. at 555. Rather, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Adams v. City of Indianapolis*, 742 F.3d 720, 728 (7th Cir. 2014) (quoting *Iqbal*, 556 U.S. at 678). When deciding a motion to dismiss under Rule 12(b)(6), the court accepts as true all factual allegations in the complaint and draws all inferences in favor of the plaintiff. *Heredia v. Capital Mgmt. Services, L.P.*, 942 F.3d 811, 814 (7th Cir. 2019).

Under Rule 12(e), "[a] party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response." Fed. R. Civ. P. 12(e). Such a motion must be brought before a responsive pleading is filed, and it must identify "the defects complained of and the details desired." *Id.*

**Discussion**

I.        **Motion to Dismiss Count II – Section 1983 Claim**

In Count II of the complaint, Plaintiff brings a claim under Section 1983. Plaintiff alleges that she sought a religious exemption from Defendant's COVID-19 vaccine mandate, and after her request was denied, her employment was then terminated due to her alleged non-vaccination status. Plaintiff asserts that forcing her to "accept an unwanted medical procedure or lose her livelihood infringed the fundamental right to bodily integrity recognized under the Fourteenth Amendment" and that the denial of her request "deprived [her] of substantive due-process rights." [26] ¶¶ 55, 60. Defendant moves to dismiss this claim, arguing that it is a private entity and that Plaintiff has failed to allege state action.

"A claim may be brought under § 1983 only if the defendant acted 'under color' of state law." *Rendell-Baker v. Kohn*, 457 U.S. 830, 835 (1982). Neither party disputes that Defendant is a private entity. The Court previously dismissed this claim because the prior complaint failed to allege that Defendant acted as a state actor. *See* [25] at 2–3. Plaintiff now proceeds on a theory that Defendant's actions were the result of state coercion or compulsion, because, according to Plaintiff, "Illinois Executive Order 2021-22 compelled vaccination of healthcare workers," Defendant's license and eligibility for Medicare and Medicaid reimbursement "depended on strict compliance with gubernatorial orders," and "Defendant told [Plaintiff] that granting any exemption would 'violate the Governor's Executive Order' and 'jeopardize federal funding[.]'" [34] at 4; *see also* [26] ¶¶ 52–54.

"[A] private entity can qualify as a state actor in a few limited circumstances—including, for example . . . when the government compels the private entity to take a particular action." *Manhattan Cmty. Access Corp. v. Halleck*, 587 U.S. 802, 809, (2019). The decisions of a private entity are attributable to the state when the state "has exercised coercive power or has provided such significant encouragement, either overt or covert, that the choice must in law be deemed to be that of the State." *Blum v. Yaretsky*, 457 U.S. 991, 1004 (1982). "Action taken by private entities with the mere approval or acquiescence of the State is not state action." *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 52 (1999). When a private entity is extensively regulated, there must be "a sufficiently close nexus between the State and the challenged action of the regulated entity so that the action of the latter may be fairly treated as that of the State itself." *Jackson v. Metro. Edison Co.*, 419 U.S. 345, 351 (1974). This is necessary to "assure that constitutional standards are invoked only when it can be said that the State is *responsible* for the specific conduct of which the plaintiff complains." *Blum*, 457 U.S. at 1004 (emphasis in original). Here, Plaintiff challenges Defendant's alleged decisions to deny her request for a religious exemption, to remove her from the work schedule, and to terminate her employment. *See* [26] ¶ 51.

As for Plaintiff's allegations about Illinois Executive Order 2021-22, "[m]ere compliance with state regulations or guidelines cannot transform a private entity into a state actor." *Scott v. Univ. of Chicago Med. Ctr.*, 107 F.4th 752, 760 (7th Cir. 2024); *see also Jackson v. Methodist Health Servs. Corp.*, 2023 WL 2486599, at *5 (C.D. Ill. Feb. 10, 2023), *aff'd,* 121 F.4th 1122 (7th Cir. 2024) ("Merely complying with [Illinois Executive Order 2021-22] does not transform Defendant into a state actor."). Plaintiff alleges that "Illinois Executive Order 2021-22 compelled

2

all health-care workers, including employees of licensed long-term-care facilities such as Montgomery Place, to become fully vaccinated against COVID-19 as a condition of continued employment." [26] ¶ 52. Yet, the Executive Order did not mandate the denial of religious exemptions or the termination of unvaccinated healthcare workers, which are the actions that Plaintiff challenges. In fact, the Executive Order specifically allows religious and medical exemptions for healthcare workers. *See* Executive Order 2021-22 at Section 2(e) ("Individuals are exempt from any requirement to be fully vaccinated against COVID-19 if (1) vaccination is medically contraindicated . . . or (2) vaccination would require the individual to violate or forgo a sincerely held religious belief, practice, or observance.").[1]

The Supreme Court's decision in *Blum v. Yarenksy* is instructive.[2] In *Blum*, the Court held that the decisions made by private nursing homes about the level of medical care that Medicare patients receive could not be attributed to the state, notwithstanding state regulations that directed nursing homes to provide appropriate levels of care. 457 U.S. at 1007–10. As the Court reasoned, such medical decisions "ultimately turn on medical judgments made by private parties according to professional standards that are not established by the State." *Id.* at 1008. So too here. Nothing in the Executive Order compelled Defendant to deny Plaintiff's request for a religious exemption, remove her from the work schedule, or terminate her employment.

Plaintiff also alleges that the letter denying Plaintiff's request for a religious exemption concluded that granting such an exemption would potentially jeopardize Defendant's federal funding. [26] ¶¶ 49, 54, 59. While the complaint alleges that Defendant was concerned about the possibility of losing federal funds, it does not allege that any law or regulation actually "dictate[d] the decision" to deny Plaintiff's request for an accommodation, to remove her from the work schedule, or to terminate her employment. *See Blum*, 457 U.S. at 1010. The complaint alleges that Defendant's license to operate and eligibility to receive Medicare and Medicaid reimbursement "depend on strict compliance with IDPH[3] regulations and Illinois gubernatorial emergency orders," [26] ¶ 53, but Plaintiff points to no IDPH regulations that mandated that Defendant make the challenged decisions. And as noted above, Illinois Executive Order 2021-22 allowed religious exemptions for healthcare workers. In summary, even when construing the complaint in the light most favorable to Plaintiff, there are no allegations that any law or regulation compelled Defendant to deny Plaintiff's request for a religious exemption, remove her from the work schedule, or terminate her employment. Because Plaintiff has again failed to allege state action, Count II is dismissed with prejudice.

---

[1] The Executive Order is not attached to the complaint, but the Court may consider it because it is referenced in the complaint. *See Williamson v. Curran*, 714 F.3d 432, 436 (7th Cir. 2013) ("[A] court may consider, in addition to the allegations set forth in the complaint itself, documents that are attached to the complaint, documents that are central to the complaint and are referred to in it, and information that is properly subject to judicial notice.").

[2] In *Blum*, the Court considered whether the state could be sued for the conduct of a private entity, but the principles and conclusions apply. *See Hallinan v. Fraternal Ord. of Police of Chicago Lodge No. 7*, 570 F.3d 811, 818–19 (7th Cir. 2009) (analogizing *Blum* in a case involving private entity defendants).

[3] The complaint does not define this acronym, but the Court assumes it refers to the Illinois Department of Public Health.

3

## II. Motion for a More Definite Statement

Defendant also moves for a more definite statement pursuant to Rule 12(e). Defendant requests that the Court require Plaintiff to amend her allegations about exhausting her administrative remedies. Defendant wants Plaintiff to allege whether the United States Equal Employment Opportunity Commission (EEOC) issued a Notice of Right to Sue letter, and if so, when it was received. The relevant paragraph of the complaint alleges: "Ward has satisfied all conditions precedent to suit under Title VII: she filed EEOC Charge No. 440-2022-00623 on November 10, 2021." [26] ¶ 29. Defendant argues that this allegation is confusing and ambiguous because Plaintiff alleges that she satisfied all conditions precedent to exhausting her administrative remedies, but she only alleges one step of the administrative process (i.e., filing a charge with the EEOC). [35] at 6–7. The complaint is silent as to whether and when she received a Notice of Right to Sue letter from the EEOC.

"In general, motions for a more definite statement under Rule 12(e) are appropriate when a 'pleading fails to specify the allegations in a manner that provides sufficient notice.'" *Malekpour v. LaHood*, 2012 WL 5996375, at *1 (N.D. Ill. Nov. 30, 2012) (quoting *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 513–14, (2002)). "[T]he rule is designed to strike at unintelligibility rather than want of detail." *Wishnick v. One Stop Food & Liquor Store, Inc.*, 60 F.R.D. 496, 498 (N.D. Ill. 1973). Thus, if a complaint meets the notice requirements of Rule 8, "a motion for a more definite statement should not be granted." *Id.*; *see also Houston v. Arthur J. Gallagher & Co.*, 2010 WL 11883739, at *2 (N.D. Ill. Feb. 8, 2010) ("Courts generally disfavor 12(e) motions and grant such motions only when the pleading is so unintelligible that the moving party cannot draft a response.").

Here, Defendant does not argue that the complaint is so unintelligible that it cannot ascertain the claims alleged against it. Indeed, Defendant identifies exhaustion of administrative remedies as a possible defense to Count I, which demonstrates that the complaint provides Defendant with sufficient notice of the nature of the claims and the underlying conduct that forms the basis of the claims. And Defendant may obtain additional factual details about Plaintiff's EEOC charge during discovery. *See Direct Commc'ns, Inc. v. Horizon Retail Const., Inc.*, 387 F. Supp. 2d 828, 831 (N.D. Ill. 2005) ("A motion for a more definite statement under Rule 12(e) is intended only to clear up confusion and not to replace traditional discovery."). The Court also notes that the failure to exhaust administrative remedies is an affirmative defense, and a plaintiff need not plead around an affirmative defense to satisfy federal pleading requirements. *See Salas v. Wisconsin Dep't of Corr.*, 493 F.3d 913, 922 (7th Cir. 2007) ("A plaintiff's failure to exhaust administrative remedies is an affirmative defense."); *Xechem, Inc. v. Bristol-Myers Squibb Co.*, 372 F.3d 899, 901 (7th Cir. 2004) ("[P]laintiffs need not anticipate and attempt to plead around all potential defenses."). For these reasons, Defendant's motion for a more definite statement is denied.

The Court notes that neither party disputes that Plaintiff downloaded her Notice of Right to Sue letter on October 25, 2022, and that she filed her original complaint in state court 300 days later on August 21, 2023. This raises a concern about whether Plaintiff's complaint was timely, since a plaintiff must file suit within 90 days of receiving the Notice of Right to Sue letter. *See Prince v. Stewart*, 580 F.3d 571, 574 (7th Cir. 2009). In the interest of judicial economy and a just

and speedy resolution of this case, the Court finds that before proceeding to discovery on the merits of Plaintiff's Title VII claim, limited discovery on timeliness is appropriate.

## Conclusion

For the above reasons, Defendant's motion [30] is granted in part and denied in part. Defendant's motion to dismiss is granted, and Count II is dismissed with prejudice. Defendant's motion for a more definite statement is denied. The Court authorizes limited discovery on exhaustion of administrative remedies, which shall close three months from today.

**SO ORDERED.**

Dated:  February 10, 2026

                                            Sunil R. Harjani
                                            United States District Judge